**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| AWANEESH KUMAR,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL CREDIT UNION; EQUIFAX INFORMATION SERVICES LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Case No.: 1:22-cv-144<br><br>**Complaint for Damages:**<br>    1.  **Violation of Fair Credit Reporting Act** |

Plaintiff, Awaneesh Kumar, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Arapahoe County, Colorado and Defendants do business in Colorado.

COMPLAINT

4.      Personal Jurisdiction exists over Defendants as Plaintiff resides in Colorado, Defendants have the necessary minimum contacts with the state of Colorado, and this suit arises out of specific conduct with Plaintiff with Colorado.

**PARTIES**

5.      Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Arapahoe, Colorado.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.      Defendant Capital Credit Union ("Capital") exists and operates under the laws of the State of Colorado and has a mailing address of Capital Credit Union, PO Box 2526, Green Bay, WI 54306.

8.      Defendant Experian Information Services, Inc. ("Experian") is a limited liability company existing and operating under the laws of the State of Colorado that engages in the business of maintaining and reporting consumer credit information.

9.      Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Colorado and has designated the following registered statutory agent: C T Corporation System 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

10.     Defendant Equifax Information Services, LLC. ("Equifax") is a limited liability company existing and operating under the laws of the State of Colorado that engages in the business of maintaining and reporting consumer credit information.

11.     Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Colorado of Corporation Service Company 1900 W. Littleton Boulevard, Littleton, CO 80120.

COMPLAINT

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Capital, Experian, and Equifax (collectively "Defendants"), and has suffered particularized and concrete harm.

13.    Experian and Equifax are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

14.    The CRA's primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15.    Experian and Equifax each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

16.    Plaintiff discovered Defendant Capital was erroneously reporting an account ("Account") with a balance due on Plaintiff's Experian and Equifax consumer reports.

17.    Plaintiff settled the Account in full with Capital and no balance is currently due and owing.

18.    Despite receiving the full benefit of the settlement with Plaintiff, Capital continued to report a balance due on the Account.

19.    Experian and Equifax each published the false information regarding Plaintiff to third parties.

20.    The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

///

///

COMPLAINT

1

**WRITTEN DISPUTE**

2       21.     After discovering the inaccurate information on Plaintiff's Experian and Equifax

3  report, Plaintiff sent a written dispute letter to Experian and Equifax ("Dispute Letters"), disputing

4  the inaccurate information regarding the Capital account reporting on Plaintiff's consumer reports.

5       22.     Upon information and belief, Experian and Equifax each forwarded Plaintiff's

6  Dispute to Capital for reinvestigation.

7       23.     Upon information and belief, Capital received notification of Plaintiff's Dispute

8  from Experian.

9

10      24.     Upon information and belief, Capital received notification of Plaintiff's Dispute

11  from Equifax.

12      25.     Upon information and belief, Capital verified the erroneous information associated

13  with the Account to Experian and Equifax.

14      26.     Capital failed to conduct a reasonable investigation, failed to contact Plaintiff or any

15  third-parties, and failed to review underlying account information with respect to the disputed

16  information and the accuracy of the disputed information.

17      27.     Experian and Equifax failed to conduct an investigation, contact Plaintiff, contact

18  third-parties, or review underlying account information with respect to the disputed information

19

20  and the accuracy of the disputed information.

21      28.     Upon information and belief, Capital failed to instruct Experian to remove the false

22  information reporting on Plaintiff's consumer report.

23      29.     Upon information and belief, Capital failed to instruct Equifax to remove the false

24  information reporting on Plaintiff's consumer report.

25

26      30.     Experian and Equifax each employed an investigation process that was not

27  reasonable and did not remove the false information identified in Plaintiff's Dispute.

28

31.     At no point after receiving the Disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

32.     Experian and Equifax each relied on their own judgment and the information provided to them by Capital, rather than grant credence to the information provided by Plaintiff.

<u>**COUNT I – CAPITAL**</u>

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))</u>

33.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34.     After receiving the Dispute Letters, Capital failed to correct the false information regarding the Capital account reporting on Plaintiff's consumer reports.

35.     Capital violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute Letters; by failing to review all relevant information regarding Plaintiff's Dispute Letters; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

36.     As a result of this conduct, action, and inaction of Capital, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37.     The conduct, action, and inaction of Capital was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

38.     In the alternative, Capital was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

COMPLAINT

39.     Plaintiff is entitled to recover costs and attorneys' fees from Capital pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

40.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41.     After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

42.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

43.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.     The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

45.     In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

47.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

COMPLAINT

48.     After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

49.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

50.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51.     The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

52.     In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

53.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT IV – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

54.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

55.     After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

56.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

57.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58.     The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

59.     In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

60.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT V – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

61.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

62.     After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

63.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

8                                          COMPLAINT

64.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65.     The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

66.     In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

67.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.     Trial by jury.

2.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.     Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.     The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1    Any further legal and equitable relief as the court may deem just and proper in the circumstances.

2         Respectfully submitted this January 19, 2022

3                                                         MCCARTHY LAW, PLC

4                                                         /s/ Jacob W. Hippensteel
                                                          Jacob W. Hippensteel
5                                                         Jacob.Hippensteel@mccarthylawyer.com
                                                          McCarthy Law PLC
6                                                         4250 N. Drinkwater Blvd., Ste. 320
                                                          Scottsdale, Arizona 85251
7                                                         Phone: 602-456-8900
                                                          Fax: 602-218-4447
8

9                                                         Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28